# United States District Court
# for the Southern District of Georgia
# Brunswick Division

2006 JUN -2  P 2: 16

LEWIS A WILKINS,                :        CIVIL ACTION

    Plaintiff,              :

        v.                      :

THE KROGER CO.,                 :

    Defendant.              :        NO. CV205-168


O R D E R

Plaintiff, Lewis A. Wilkins, filed this action against Defendant, The Kroger Co. ("Kroger"), alleging race and age discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e et seq.[1]  Before the Court is Defendant's motion seeking summary

---

[1] As indicated in paragraph 10 and the prayer for relief of the complaint, Wilkins alleged both race and age discrimination. Title VII, however, does not prohibit age discrimination. The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, first cited by Wilkins in his response to Kroger's summary judgment motion, is the proper vehicle for asserting a claim for age discrimination. In light of the following analysis, an opportunity to amend his complaint and correct the omission, the Court's normal practice under these circumstances, would be futile.

AO 72A
(Rev. 8/82)

judgment. For the following reasons, Defendant's motion will be **GRANTED**.

## FACTS

The following facts are not in dispute. Wilkins, an African American, born on January 31, 1949, was employed by Kroger, or its predecessor, M&M Grocery Store, from 1981 until his suspension on February 15, 2004, and subsequent termination. During the vast majority of his employment, Wilkins was the head meat cutter in the meat department of the supermarket in Jesup, Georgia.

M&M Grocery Store was bought out by Kroger in January 2003. In December 2002, Cyndi Husick became the new store manager. Shortly after Husick's arrival, Wilkins was cited on three occasions for having outdated products in the meat case. There were no further disciplinary actions until the incident which resulted in Wilkins' termination.

On February 14, 2004, after clocking out for the day, Wilkins purchased five marked down items. The receipt, however, reflected that Wilkins was only charged for two of the items. The purchase price was further reduced by seven

coupons, including a $2 coupon for meat when no meat was purchased, for a total purchase price of 29 cents.

On the following morning, Wilkins was confronted by Husick with a video of the transaction. Wilkins admitted that he purchased five items and that the total amount paid was 29 cents. It was Wilkins' position, however, that he did not know that all of the items were not scanned or that the coupons were improperly applied because he never looked at the sales receipt.

As a result of the incident, Wilkins was suspended pending further investigation. Kroger and UFCW Local 1996, the local union of which Wilkins was a member, had a collective bargaining agreement ("Agreement") covering Wilkins' employment. Pursuant to the Agreement, Wilkins filed a grievance with respect to his suspension and, after Wilkins, the union representative, and Kroger representatives met, Wilkins was notified that he was no longer employed with Kroger. Wilkins was replaced by a younger white male.

In his complaint, Wilkins alleges that Kroger discharged him because of his race and age. In addition to the foregoing undisputed facts, Wilkins alleges that he heard rumors that Husick was brought to the Jesup store to fire elderly employees

AO 72A
(Rev. 8/82)

and that several employees were fired or "forced out by Husick." (Pl.'s Resp. at 4.)

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when no genuine issues remain and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). In so doing, all facts and reasonable inferences are to be construed in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L. Ed. 2d 176 (1962); Sweat v. Miller Brewing Co., 708 F.2d 655, 656 (11th Cir. 1983). The party opposed to the summary judgment motion, however, "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

Summary judgment must be granted if the nonmoving party has failed to make a sufficient showing on an "an essential element of [its] case with respect to which [it] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997) (quoting <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

## II. DISCRIMINATION CLAIMS

Title VII makes it unlawful for an employer

> to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a). When a plaintiff offers circumstantial evidence to prove a Title VII claim, the Court follows the framework set forth by the United States Supreme Court in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this framework, Wilkins must first establish a prima facie case of discrimination. The establishment of a prima facie case creates a presumption of discrimination. Kroger must then offer legitimate,

nondiscriminatory reasons for the employment decision to rebut the presumption. See id. 411 U.S. at 802-04, 93 S.Ct. at 1824-25. Kroger is only required to produce sufficient evidence to raise a genuine issue of fact as to whether it discriminated against the plaintiff. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If Kroger successfully rebuts the presumption, the burden shifts back to Wilkins to discredit the proffered nondiscriminatory reasons by showing that they are pretextual. See McDonnell Douglas, 411 U.S. at 802-04, 93 S.Ct. at 1824-25. However, at all times, Wilkins retains the ultimate burden of persuasion to prove Kroger discriminated against him on the basis of race. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993).

In order to prove a prima facie case of race discrimination, a plaintiff must prove that he was: (1) a member of the protected class; (2) qualified for the position; (3) subjected to adverse employment action; and (4) replaced by a person outside the protected class or suffered from disparate treatment because of membership in the protected class. See McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824; Chapman v. AI Transport, 229 F.3d 1012, 1024-25 (11th

Cir. 2000); Armstrong v. Flowers Hosp., Inc., 33 F.3d 1308, 1314 (11th Cir. 1994). For purposes of the instant motion, Kroger admits that Wilkins has demonstrated a prima facie case and is, therefore, entitled to an inference of discrimination. Thus, the burden shifts to Kroger to offer a legitimate, nondiscriminatory reason for Wilkins' termination.

The Court concludes that Kroger has met its burden and successfully rebutted the presumption of discrimination. Kroger states that its nondiscriminatory reason for terminating Wilkins is that he violated Kroger policy by knowingly obtaining goods without paying the full price for the items. Wilkins concedes that he took five items to the register for purchase, that only two of the items were rung up by the cashier, that the cashier applied six grocery coupons[2], and that the total amount Wilkins paid for the items was 29 cents. (Doc. No. 15, Wilkins Dep. at 54.) Wilkins' sole defense when confronted by Kroger management was that he did not look at the receipt and believed the cashier had scanned all of the items and properly applied the coupons. (Pl.'s Resp. at 2.) The Court "do[es] not sit as a super-personnel department that reexamines an entity's business decisions . . . . Rather, our

---

[2] One of which was a $2 coupon for meat when no meat was purchased.

inquiry is limited to whether the employer gave an honest explanation of its behavior." <u>Cooper v. S. Co.</u>, 390 F.3d 695, 730 (11th Cir. 2004). As Kroger offered a legitimate, nondiscriminatory reason for his termination, the burden shifted back to Wilkins to discredit the nondiscriminatory reasons.

Wilkins has not satisfied his burden by showing that Kroger's reasons are a mere pretext for discrimination. Indeed, he has conceded that he does not have any information that would make him think age or race had anything to do with his termination. (Doc. No. 15, Wilkins Dep. at 109-110.) He further concedes that the new manager, while strict in terms of following company policy, treated him fairly and no worse than other employees during the time he worked with her. (<u>Id.</u> at 110-11.) The sole bases for his discrimination claim are that he "heard <u>somebody</u> say that [the new manager] was going to fire the long-term peoples[sic]," that several employees were fired or "forced out," (<u>id.</u> at 104-09) (emphasis added), and that Wilkins was replaced by a young, white male (Pl.'s Resp. at 8).

To survive a motion for summary judgment, Wilkins must demonstrate "'such weaknesses, implausibilities,

AO 72A
(Rev. 8/82)

inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." <u>Combs v. Plantation Patterns</u>, 106 F.3d 1519, 1538 (11th Cir. 1997) (quoting <u>Sheridan v. E.I. DuPont de Nemours & Co.</u>, 100 F.3d 1061, 1072 (3d Cir. 1996)). The conclusory allegations offered by Wilkins are insufficient to discredit the proffered nondiscriminatory reasons for his termination.

## CONCLUSION

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Kroger's Motion for Summary Judgment (Doc. No. 14) is **GRANTED**.

**SO ORDERED**, this 2d day of June, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)